Wtly, J.
The plaintiff a creditor and taxpayer, enjoins the city of New Orleans from receiving in payment of licenses Metropolitan police warrants.
The city makes no serious defense. But John Klein and Thomas Talis, Jr., who are holders of many of these warrants have intervened, alleging that these warrants are receivable for licenses under act No. 33 of the acts of 1874; that they were also receivable for licenses under act 44 of the acts of 1869 in force at the time they were issued; that on the face of these warrants it is stipulated that they are receivable for all licenses, taxes and debts due or to become due to the parishes of Orleans, Jefferson and St. Bernard, and the cities of New Orleans and Carrollton up to the amount of the apportionment assessed by *447 the Metropolitan Police Commissioners against said parishes or cities respectively for the fiscal year in which they were issued ; and that the value of said warrants will be impaired if the city is enjoined from receiving them for licenses as required by law, and that intervenors will consequently be injured. The court perpetuated the injunction, and dismissed the intervention ; the city acquiesced in the judgment, but the intervenors have appealed.
As the interests of the city were not affected, she set up no serious defense, and we are inclined to regard the judgment as to her a mere consent judgment. The real controversy was with the intervenors. They object; first, that plaintiff as a creditor and a taxpayer, has no right to interfere in the administration of the municipal corporation of New Orleans or to invoke the aid of the court to compel the city to collect license in money and not Metropolitan police warrants as required by law. The plaintiff has no more right to the writ which it seeks than any other creditor and taxpayer, and we apprehend the law could not be administered if every person, occupying the same position, could rush into court for an injunction, by which he could exercise a supervisory control over the administration of government in the city of New Orleans.
As to plaintiff, the questions raised in the petition and in the argument are purely speculative; they apply to matters not under plaintiff’s administration, and in which it has not a direct pecuniary interest.
As the intervenors are the real parties whose rights are at issue, we think they can object to this litigation and to the application of plaintiff for an injunction, on the ground that plaintiff has no interest in the matter complained of, and has no right to raise a controversy in which only the city of New Orleans and the holders of the Metropolitan police warrants are concerned. They can object to the issuance of an injunction prejudicial to them at the instance of a party who is without interest to demand it. It is the business of courts to adjust the rights of litigants and settle issues which they have an interest in presenting.
An injunction should not be issued on the petition of a party wholly without interest, to restrain a municipal corporation from performing its duties, and if the corporation acquiesces, as in this ease, the parties interested in the performance of the duty sought to be restrained can raise the objection of the want of interest in the applicant to obtain the restraining order.
It is therefore ordered that the judgment appealed from be annulled, and it is decreed that the injunction be disallowed and plaintiff’s petition be dismissed with costs of both courts.